**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00084-GCM**

| | |
|---|---|
| LA'VERNE ADAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FAMILY INNOVATIONS, LLC, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgement (Doc. No. 12), Plaintiff's Response in Opposition to the Motion for Summary Judgment (Doc. No. 17), and Defendant's Reply to the Response to the Motion for Summary Judgment (Doc. No. 21). The parties' motions are ripe for disposition.

### I. Background

The Defendant Family Innovations, LLC is a provider of services for individuals dealing with substance abuse and mental health issues. (Doc. No. 13 at 1). It is owned by Willie Gray and Linda Olige. *Id.* Mr. Gray is the Operations Director and Ms. Olige is the Executive Director. *Id.* The third member of the senior management team is Kim Olige, Ms. Olige's husband. *Id.*

Plaintiff Adams was hired by Family Innovations on July 1, 2014 as a probationary employee with a six-month probationary period. (Doc. No. 13 at 2). She was hired as a Program Coordinator and several weeks later became the Assertive Community Treatment Team Leader ("ACTT"). *Id.*

1

In November 2014 Family Innovations faced a financial crises; a consequence of which the agency only paid its employees $1000 each for that month's work. *Id.* So, Adams filed an unpaid wage claim with the North Carolina Department of Labor ("NCDOL") on December 30, 2014. (Doc. No. 18 at 2). Defendant was notified of the complaint on December 31. 2014. *Id.* Defendant has paid the full wages requested in the claim. *Id.*

On December 29, 2014, the senior management met and decided to terminate the probationary employment of Plaintiff Adams. (Doc. No. 13 at 3). Because of the upcoming holiday weekend, the agency did not open again until January 5, 2015. *Id.* On the morning of January 5, 2015, Adams received her termination letter. *Id.* She packed up her belongings and left the premises. *Id.*

Plaintiff commenced this action on February 18, 2016. She has three claims for relief: sexual harassment under Title VII; violation of North Carolina's Retaliatory Employment Discrimination Act; and wrongful discharge. (Compl. at 4-6). Defendant filed its motion for summary judgment February 28, 2017.

**II.    Legal Standard**

A Rule 12(c) motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Portales Place Prop., LLC v. Guess*, No. 3:08CV143, 2009 WL 112847, at *1 (W.D.N.C. Jan. 15, 2009) (citing *Burbach Broadcasting Co. v. Elins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002)). When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all well-pleaded allegations and view the complaint in the light most favorable to the nonmoving party. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The

Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence" in support of the non-movant's position is not sufficient to establish a genuine dispute. *Id.* at 252. A material fact affects the outcome of the suit under the applicable substantive law. *See id.* at 248. When determining whether a dispute is genuine or a fact is material, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Unsupported speculation, however, is insufficient to defeat a motion for summary judgment. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

### III. Discussion

#### a. Claim One: Title VII Sexual Harassment

"[W]hen the harasser is a supervisor, the employer is presumptively liable under the doctrine of respondeat superior, unless the *Faragher–Ellerth* defense applies." *Dulaney v.*

*Packaging Corp. of America*, 673 F.3d 323, 330 n.7 (4th Cir. 2012) (citing *Whitten v. Fred's, inc.*, 601 F.3d 231, 243 (4th Cir. 2010)). This affirmative defense may only be raised when no tangible employment action is taken. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The *Faragher-Ellerth* doctrine provides a defense to a defending employer comprising two elements "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.*

The Fourth Circuit has held "that dissemination of 'an effective anti-harassment policy provides compelling proof' that an employer has exercised reasonable care to prevent and correct sexual harassment." *Matvia v. Bald Head Island Management, Inc.*, 259 F.3d 261, 268 (4th Cir. 2001) (citing *Lissaue v. Southern Food Serv., Inc.*, 159 F.3d 177, 182 (4th Cir. 1998)). Where "there is no evidence that an employer adopted or administered an anti-harassment policy in bad faith or that the policy was otherwise defective or dysfunctional, the existence of such a policy militates strongly in favor of a conclusion that the employer 'exercised reasonable care to prevent' and promptly correct sexual harassment." *Brown v. Perry*, 184 F.3d 388, 396 (4th Cir. 1999) (citations omitted).

Plaintiff Adams does not claim that she suffered any adverse employment action as a result of the purported harassment, so Defendant may raise the *Faragher-Ellerth* defense. (Doc. No. 13 at 5).

Family Innovations has an anti-harassment policy and Plaintiff Adams at the time of her hire executed an employee handbook acknowledgement. *Id.* The Employee Handbook says

4

"'[a]ny employee who is aware of any instances of sexual harassment should report the alleged behavior to a non-offending supervisor or manager.'" (Doc. No. 21 at 3). Plaintiff Adams did not report the purported harassment to anyone at Family Innovations. (Adams dep. At 58-60).

Plaintiff Adams argues that though she signed an Employee Handbook, she did not have in her possession an employee handbook and therefore Defendant did not have an anti-harassment policy and if it did, did not disseminate such a policy. (Doc. No. 18 at 8). In a similar case, the Fourth Circuit found that "[i]n the face of a policy that clearly defines sexual harassment and to whom harassment should be reported," the Plaintiff cannot survive summary judgment through claims that herself and other employees could not recall the details of the policy. *Matvia*, 259 F.3d at 268. Plaintiff's efforts to excuse her failure to seek out the handbook with its clear and complete sexual harassment policy given that she, at a minimum knew one existed, admits she signed a receipt for the policy the day she was employed, and admits that she failed to make any report of the alleged harassment to persons she knew were on the senior management team provides the basis to grant summary judgment on her sexual harassment claim. There is no dispute to any of these material facts so Defendant is entitled to judgment on this claim as a matter of law.

### b.  Claims Two and Three: REDA and Wrongful Discharge

The North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen.Stat. § 95–241 *et seq.* (2001), prohibits retaliatory discrimination against an employee who in good faith files a claim under certain North Carolina statutes, including the North Carolina Wage and Hour Act. *See Wiley v. United Parcel Service, Inc.*, 227 F.Supp.2d 480 (M.D.N.C. 2002). To state a claim under REDA a plaintiff must show that

5

> (1) he exercised his right to engage in protected activity, such as filing a workers' compensation claim; (2) he suffered an adverse employment action; and (3) a causal connection exists between the exercise of the protected activity and the alleged retaliatory action. If the plaintiff has established a *prima facie* case of retaliatory termination, the burden shifts to the defendant to show that it would have taken the same unfavorable action in the absence of the protected activity of the employee

*Tuan H. Nguyen v. Austin Quality Foods, Inc.*, 974 F.Supp.2d 879, 882-883 (W.D.N.C. 2013) (citation omitted).

The first 2 elements have been shown by Plaintiff Adams. She engaged in a protected activity when she filed an unpaid wage complaint with the NCDOL and was terminated six days after she filed her claim. However, the Defendant contends Plaintiff has filed to establish the third element of the prima facie case.

The Defendant has provided notes taken during a meeting of the senior management team on December 29, 2014 showing that the team reached the decision to terminate Plaintiff Adams at that meeting. (Doc. No. 13 at 5). Adams filed her unpaid wage complaint with the NCDOL on December 30, 2014. Defendant was notified that Adams filed her complaint on December 31, 2014. Plaintiff has produced no evidence to refute this timeline.

The evidence in this case demonstrates that the Defendant's decision to terminate Adams was made one day before Plaintiff filed her unpaid wage complaint and two days before the Defendant was notified that Plaintiff had filed that complaint. This sequence of events shows no causal connection between the exercise of the protected activity and the adverse employment action since the decision to take the adverse employment action was made prior to the exercise of the protected activity. Because Plaintiff has failed to establish the third element of the prima

6

facie case, Defendant is entitled to a grant of summary judgment on the Plaintiff's claim for violation of the REDA.

Plaintiff's wrongful discharge claim rests on the same factual allegations as the REDA claim. The analysis of the wrongful discharge claim is the same as the REDA claim. Therefore, Defendant is entitled to a grant of summary judgment on this claim as well.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Family Innovations, LLC's Motion for Summary Judgement is hereby **GRANTED**. The clerk of court is directed to close this civil case.

Signed: April 13, 2017

Graham C. Mullen
United States District Judge